UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HO SPORTS COMPANY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NASH MANUFACTURING, INC. d/b/a NASH SPORTS, a Texas corporation, and KEITH D. PARTEN, an individual,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 7,537,502<br><br>**JURY TRIAL DEMANDED** |

Plaintiff HO Sports Company, Inc. ("HO Sports"), by and through its undersigned counsel, alleges as follows for its Complaint against Defendants Nash Manufacturing, Inc. d/b/a Nash Sports ("Nash Sports") and Keith Parten, an individual. These allegations are made upon knowledge with respect to HO Sports and its own acts, and upon information and belief as to all other matters.

## I.   PARTIES TO THIS ACTION

1.   HO Sports is a corporation organized under the laws of the State of Washington with its principal place of business located in Redmond, Washington.

2.   Nash Sports is a corporation organized and existing under the laws of the State of Texas having a principal place of business in Fort Worth, Texas.

3.   Mr. Parten is an individual residing in Fort Worth, Texas.

COMPLAINT FOR DECLARATORY JUDGMENT — 1
DWT 14223818v1 0065716-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

-
-

## II. JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the U.S. Patent statutes, 35 U.S.C. § 101, *et seq.*

5. As a claim arising under the federal patent statutes, this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant Nash Sports because it continuously and systematically transacts business within this district, including by the regular sale of recreational water sports equipment of the type at issue in this action to consumers within this district. In addition, through his attorney, Mr. Parten of Nash Sports sent a letter to HO Sports' principal place of business within this judicial district directly accusing HO Sports of infringing U.S. Patent No. 7,537,502 (the "'502 patent"). A copy of the '502 patent is attached hereto as Exhibit 1. Defendants Nash Sports and Mr. Parten are therefore subject to specific and/or general jurisdiction in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## III. FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '502 PATENT

8. On January 7, 2010, through his attorney, Mr. Parten of Nash Sports, sent a letter to HO Sports directly accusing HO Sports of infringing the '502 patent by selling HO Sports' kneeboard products known as "Proton" and "Neutron." A copy of this letter is attached hereto as Exhibit 2.

9. Mr. Parten is the owner of record of the '502 patent.

10. On March 4, 2010, Nash Sports filed a complaint in the U.S. District Court for the Northern District of Texas alleging that HO Sports has directly infringed the claims of the '502 patent. Nash Sports has yet to serve this complaint.

11. In the complaint filed on March 4, 2010, Nash Sports asserted that Nash Sports presently owns all rights to sue for any infringement of the '502 patent.

COMPLAINT FOR DECLARATORY JUDGMENT — 2
DWT 14223818v1 0065716-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

12. HO Sports believes that the "Proton," "Neutron," or any other kneeboard products made and sold by HO Sports do not infringe any valid claim of the '502 patent.

13. Accordingly, an actual and substantial judiciable controversy exists among the parties concerning whether any HO Sports kneeboard products has infringed or is infringing any valid claim of the '502 patent.

14. HO Sports is entitled to a declaration that the '502 patent is unenforceable, void, invalid, and/or not infringed by HO Sports.

### IV. SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '502 PATENT

15. HO Sports repeats and realleges the allegations set forth in paragraphs 1-14 of its Complaint as if fully set forth herein.

16. The '502 patent is unenforceable due to inequitable conduct committed by the applicant and/or its representatives through material acts, misrepresentations, and omissions made with an intent to deceive the United States Patent and Trademark Office (the "PTO").

17. The named inventor and/or others substantively involved in prosecuting the applications leading to the '502 patent were aware of information material to the patentability of the claims of the '502 patent, but intentionally withheld that information from the PTO with the intention of deceiving the PTO, thereby violating their duty of candor and good faith in dealing with the PTO. The information that was intentionally concealed includes but is not limited to: U.S. Patent No. 2,555,805 to George D. Miller (the "Miller patent"); and U.S. Patent No. 4,126,095 to Thomas H. Tillery (the "Tillery patent").

18. The patent application for the '502 patent was a continuation of a patent application that resulted in U.S. Patent No. 7,530,872 (the '872 patent). Prior art, including the Miller patent and the Tillery patent, were cited in the patent application for the '872 patent during the pendency of the application for the '502 patent. In spite of its materiality, this art was withheld and not disclosed to the PTO in the patent application for the '502 patent.

COMPLAINT FOR DECLARATORY JUDGMENT — 3
DWT 14223818v1 0065716-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

19. In an Office Action mailed May 27, 2008, claim 3 of the '872 patent was rejected and the Miller patent was cited as showing a marine cleat assembly using an automatically rotatable hook capable of capturing a towline. In an Office Action mailed November 4, 2008, claim 3 of the '872 patent was also rejected and the Tillery patent was cited as showing a retractable pivoting member that is biased toward the closed position by a spring.

20. In response to these Office Actions, Mr. Parten and his patent attorney, Brian E. Harris, submitted an amendment in the patent application for the '872 patent on December 9, 2008. Clearly recognizing the materiality of the Miller and Tillery prior art patents, Mr. Parten and Mr. Harris made substantial amendments to claim 3, as well as other claims rejected based on the same prior art, in order to gain their allowance. These amended claims issued in the '872 patent

21. Before the '872 patent was allowed, the patent application for the '502 patent was filed in the U.S. on August 23, 2007 based on a PCT application identical to the patent application for the '872 patent, and disclosed and even claimed the same invention as the '872 patent. In a preliminary amendment, Mr. Parten cancelled the original claims and submitted new clams. These claims are broader than the allowed claims of the '872 patent, although reciting the retractable tow hook assembly in combination with a kneeboard. No Information Disclosure Statement was filed with the Preliminary Amendment or at any other time by Mr. Parten in the application for the '502 patent disclosing the prior art cited by the Patent Office and argued in the patent application for the '872 patent despite its clear materiality to the patentability of claims 23 and 32 of the patent application for the '502 patent.

22. The Miller and Tillery patents show the elements of claim 23 that differentiate it from a conventional kneeboard, i.e., a biasing means; a hook having a retaining surface and being biased by the biasing means, and the hook being rotatable relative to the riding surface; wherein a position of the retaining surface changes relative to the riding surface as the hook rotates relative to the riding surface; and wherein the hook is rotatable to a position where the

COMPLAINT FOR DECLARATORY JUDGMENT — 4
DWT 14223818v1 0065716-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

retaining surface is suitable for retaining a towline. Further, in the Office Action of November 4, 2008 in the patent application for the '872 patent, the Miller and Tillery patents were cited as showing the same features.

23. In response to an Office Action in the application for the '502 patent, Mr. Parten and Mr. Harris submitted an Amendment on January 19, 2009 in which he combined the subject matter of claim 23 with the subject matter of claim 24 (reciting "a rod fixed relative to the riding surface, wherein the hook is rotatable about the rod relative to the riding surface") to gain allowance of the claim without ever disclosing the Miller and Tillery patents as prior art. The Miller and Tillery patents both show a fixed rod with a hook rotatable about the rod relative a riding surface. Both Mr. Parten and Mr. Harris would have been keenly aware of the Miller and Tillery patents and their disclosures, and the fact the PTO indicated their materiality by rejecting very similar claims in the patent application for the '872 patent only a few weeks earlier.

24. The January 19, 2009 amendment in the application for the '502 patent occurred less than two months after the December 9, 2008 amendment Mr. Parten and Mr. Harris submitted in the patent application for the '872 patent when confronted with the Miller and Tillery patents that caused him to narrow his claims to gain a patent. Mr. Parten and Mr. Harris appear to have chosen to avoid a similar result for the '502 patent by not disclosing the Miller and Tillery prior art patents, and submitting an amended claim 24 that reads upon the prior art known to them. The failure to disclose Miller and Tiller at any time during the prosecution of the '502 patent constituted inequitable conduct.

25. HO Sports is entitled to a declaration that the '502 patent is unenforceable due to inequitable conduct.

## V. JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

COMPLAINT FOR DECLARATORY JUDGMENT — 5
DWT 14223818v1 0065716-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaration that HO Sports does not infringe the '502 patent;

B. A declaration that the claims of the '502 patent are invalid;

C. A declaration that the '502 patent is unenforceable;

D. An award of costs, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

E. Such other and further relief as this Court may deem just and proper.

DATED this 12th day of March, 2010.

Davis Wright Tremaine LLP
Attorneys for Plaintiff HO Sports Company, Inc.

By /s/ Warren J. Rheaume
Warren J. Rheaume, WSBA #13627
Benjamin J. Byer, WSBA #38206

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: warrenrheaume@dwt.com
Email: benbyer@dwt.com

COMPLAINT FOR DECLARATORY JUDGMENT — 6
DWT 14223818v1 0065716-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700